# CIRCUIT COURT OF THE CITY OF RICHMOND

Robert P. Jones

v.

City of Richmond

May 27, 1997

Case No. LC-683-1

BY JUDGE MELVIN R. HUGHES, JR.

This is an appeal by a City of Richmond employee, a police officer, from a decision denying grievability.

During May, 1996, Robert P. Jones was required to be on standby as a police officer. Under this condition, Jones was not on duty but was subject to be called to duty. The Administrative Regulations regarding standby duty provide that such employees will be furnished a pager. However, during the time in question, Jones was not supplied a pager even though he requested one. While on standby Jones was not called to duty nor was there an occasion arising that would have required Jones to return to duty. The regulations also provide that when an employee is on standby assignment, there is no compensation due the employee unless he is called to duty.

Jones filed for a grievance thereafter, was denied same, and is here saying that the decision denying grievability was error and that the court should determine the matter grievable and refer the case on to the Personnel Board for a hearing. Jones argues that, since he was not provided a pager, he was required to be in telephone contact, which requires that he be compensated.

In this case, the court will consider the question of grievability in the context of the governing authority regarding employment standby issues under federal law, in this case, the Fair Labor Standards Act (FLSA) 29 U.S.C.

§§ 201-219. The question is whether the facts Jones has brought forward make out a colorable claim under that law to make his claim grievable. The court finds that they do not and Jones' case is not grievable.

In *Brunelli et al. v. City of Richmond*, No. 3:94CV274 (E.D. Va. Dec. 22, 1994), a case in federal court for the Eastern District of Virginia, a case brought under the FLSA, the court there held under similar facts that the "on-call" status of arson investigator employees was not unduly restrictive and found for the employer, the City of Richmond. The court based its decision in part on geographical limitations and response time requirements as well as the frequency of calls, finding that the conditions were not unduly restrictive and, thus, the time involved was not compensable. Here, merely having to leave a telephone number where Jones could be reached does not raise a question of compensation and grievability in light of the *Brunelli* outcome. As noted, while Jones did experience some inconvenience and some restriction of movement because he had to rely on telephone contact versus having a pager, Jones was not called to service. There is not enough evidence of unduly restrictive conditions to raise a question of a FLSA violation in the context of grievability to merit a further hearing before the Personnel Board when the *Brunelli* decision is considered.

Certainly, with respect to Jones, the regulations regarding an employee on standby status were not scrupulously followed. Jones was not given a pager, as required. This violation of the rules is the kind of "grievance" contemplated by the Code of Virginia, which defines the term as "a complaint or dispute by an employee relating to his employment, including ... (ii) the application of personnel policies, procedures, rules and regulations ...." Va. Code Ann. § 15.1-7.1(A)(1) (Michie Cum. Supp. 1996). The question before the court, though, is whether this grievance is redressable. While the relief available under the grievance procedures may include such elements as potentially appropriate in this case, i.e. back pay, *see* Va. Code Ann. § 2.1-116.07(B)(6) (Michie 1995), the court will not force a hearing if the plaintiff has no legal right to the relief sought.

For these reasons the court finds the matter not grievable.